## SHORES, DUNHAM & CO.

*v.*

## HANAN BARKER.

1. CONTRACT—*rescinding for misunderstanding.* Where an accepted order was transferred to a defendant under a supposed contract, as to which there was a mutual misunderstanding of its terms, the defendant understanding that he was to pay the debt the owner owed a third person, then holding the order as collateral security, and give the owner a receipt for such debt, and also for what the owner owed the defendant, and to pay him the balance of the order when collected, while the owner understood the defendant was to give his note for such balance, payable absolutely, and the defendant paid the debt of the holder, and left with him a due bill for the owner, payable when the order was collected, which was refused, it was *held*, that the owner of the order could not recover from the defendant the balance of the order, without first ordering the return of the money paid and the due bill, and rescinding the transaction.

2. SAME—*right to rescind.* If a party wishes to rescind a contract where there is a mutual misunderstanding of its terms, and under which the other party has paid money to his creditor, and left with such creditor his due bill to him, he must first direct the creditor receiving the money and holding the due bill to return the same.

3. AGENCY—*whether person is an agent.* Where the holder of an order assigned to him as collateral security, communicates a proposition to the owner from another creditor of the owner, to take the order and pay the holder's debt, and the proposition is accepted, and the holder transfers the order, taking a due bill for the owner for the balance due him, after deducting both debts, but conditional, this will not make the holder so acting the agent of the owner of the order, so as to bind him by his act in accepting a conditional obligation. Such person is no more agent for one party than the other, and will be considered as acting for himself as much as for either of the other parties.

APPEAL from the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. BEASON & BLINN, and Mr. G. H. ESTABROOK, for the appellants.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff had done work for the Peoria, Atlanta and Decatur Railroad Company, and on settlement had received for the

amount due him an accepted order on the company for $1543.65. He was owing C. L. Downey for supplies furnished to him on the work he did for the company, and to secure that indebtedness he assigned to Downey, as collateral security, the order he had from the railroad company. Plaintiff was also indebted to defendants for supplies which they had furnished him, to enable him to complete his contract. Having learned that plaintiff had assigned the accepted order, which he had obtained from the railroad company, to Downey, as collateral security for his indebtedness to him, one of defendants went to Downey, and, as he says, proposed, to pay him the amount of his claim, to give plaintiff a receipt for what he was owing defendants, and, when the money should be collected, to pay the balance of the order to plaintiff, after deducting the amount that should be paid to Downey, and the amount due defendants from plaintiff. That proposition Downey was asked to communicate to plaintiff.

There is, however, a direct conflict in the evidence as to what the proposition was that Downey was to make to plaintiff on behalf of defendants. Plaintiff insists he was to have the note of defendants, payable absolutely, without the condition written therein, it was to be paid out of the first moneys that should be received on the order accepted by the railroad company, and in that he is confirmed by the testimony of Downey.

Whatever the proposition was that was made to plaintiff on behalf of defendants, was accepted, and the fact of acceptance, but not the terms, was communicated to them by Downey. Accordingly, defendants met Downey to close up the matter, gave him a check for what plaintiff owed him, left with him a receipt for the amount plaintiff owed defendants, and also left with him, for plaintiff, a due bill for the balance of the order, $621.95, payable out of the first money that should be collected from the railroad company. Thereupon, Downey assigned the railroad order, and delivered it to defendants. It does not appear that Downey, at the time, made any objection to the condition written in the due bill, nor that he gave

defendants any intimation that it was not in accordance with the proposition he had made to plaintiff on their behalf. It is in proof, however, that when the conditional due bill was shown to plaintiff, he refused to accept, because, by the condition it contained, it was not payable until the funds should be collected from the railroad company. Neither plaintiff nor Downey ever tendered the due bill and money defendants had paid Downey, back to defendants, and offered to rescind the contract. Downey retained the money paid to him by defendants, and, as· we understand the evidence, the due bill remained in his hands, except a brief period it was in the hands of plaintiff, to show to his counsel.

The declaration contains only the common counts, and on the trial plaintiff recovered a judgment for $621.95. Defendants bring the case to this court on appeal.

It seems almost certain, from the evidence in this record and the acts of the parties, about which there can be no dispute, that plaintiff and defendants never, in fact, agreed upon any proposition for the assignment to defendants of the railroad order, then in the hands of Downey. If the original proposition was as defendants understood it, it was never made known to plaintiff, and he was under no sort of obligation to accept a conditional due bill for any balance that might be coming to him on the railroad order, after deducting the amount of his indebtedness to Downey and defendants. That was not his understanding of the contract, but defendants were equally clear in their understanding, that the due bill to be given was only payable on condition the funds should be collected on the order from the railroad company. When it was discovered there was a misunderstanding between the parties as to the conditions of the proposition made by defendants, it was the plain duty of Downey to return to defendants the check or money he had received of them, and, also, the conditional due bill left with him for plaintiff. Unless plaintiff subsequently ratified the contract as it was in fact made, he ought to have notified Downey to rescind the whole trans-

action on account of the misunderstanding of the terms of the proposition made by defendants.

The court properly refused the instructions asked by defendants. They are based on the theory, Downey, in the negotiations between the parties, was the agent of plaintiff. Such was not the fact. He was not the agent of plaintiff more than of defendants. It seems he was acting quite as much for himself as for either defendants or plaintiff.

The verdict is so much against the weight of the evidence, as well as the justice of the case, as it comes before us, that the circuit court ought to have allowed the motion entered for a new trial.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*